COLLINGSWOOD SEWERAGE COMPANY, RESPONDENT, v. THE BOROUGH OF COLLINGSWOOD, APPELLANT.

Argued June 20, 1918—Decided November 18, 1918.

On appeal from the Supreme Court, whose opinion is reported in 91 *N. J. L.* 20.

For the appellant, *Wescott & Weaver, Marshall W. Van Winkle* and *George L. Record,* submitting a brief on behalf of the New Jersey State League of Municipalities.

For the respondent, *Gilbert Collins* and *J. Fithian Tatem.*

PER CURIAM.

The Collingswood Sewerage Company was incorporated under chapter 210 of the laws of 1898. *Pamph. L., p.* 484. Its right to construct a sewerage system in the borough of Collingswood was conferred by the legislative grant contained in the statute. The exercise of that right, however, was suspended by the mandate of the legislature until it obtained from the borough its consent to the construction of such sys-

tem within its municipal limits. The statute also provided that the municipal authorities should annex to their consent, which should be by a formal ordinance, the maximum prices, or rents, to be charged to property owners for use of the sewerage system.

In the present case, the sewerage company obtained the consent of the municipality to the construction of its sewerage system. This consent was exhibited by an ordinance which, among other things, fixed the maximum rate for service at $4.50 for each six months. The sewerage company accepted the various provisions of the ordinance and constructed its system. After some years of operation, and in 1914, it applied to the board of public utility commissioners for authority to charge higher rates than those fixed by the borough ordinance, the ground of the application being that by reason of changed conditions that rate had ceased to be a just and reasonable one, because of its insufficiency. The utility commission refused the application upon the sole ground that the existing rate was not confiscatory. The sewerage company thereupon applied to the Supreme Court for a writ of *certiorari* to review the order of denial; and upon the hearing had on the return of the writ the order was set aside. The borough of Collingswood now appeals from the judgment of the Supreme Court.

One of the principal grounds of appeal is that the ordinance of the borough, and the acceptance by the sewerage company of the provisions thereof, constitute an inviolable contract between the parties which the board of public utility commissioners has no power to set aside or disregard. We concur in the disposition made of this contention by the Supreme Court, and in the reasoning of Mr. Justice Swayze upon the point. We observe, however, in his opinion, what seems to us to be an inaccurate expression, namely, that "An ordinance of this kind is a grant upon condition rather than a contract." The statute of 1898 does not exhibit any purpose on the part of the legislature to clothe the municipalities affected thereby with authority to grant to sewerage companies organized thereunder any franchise, right, power or privilege whatever.

On the contrary, all of the franchises, rights, powers and privileges vested in these companies, including the right to lay pipes in the public streets, comes to them by direct legislative grant. The authority conferred upon the municipalities is the right to suspend the present enjoyment of them by refusing to consent to the user of their streets, except upon conditions which they may name. And even in the withholding of such consent, and in the imposition of conditions if the consent be accorded, the municipalities are exercising a mere delegated authority, are acting as mere agents of the legislature. It cannot be doubted that if the right to use the streets of the borough of Collingswood had been granted by the state to the sewerage company without condition or limitation, and the sovereign itself had fixed the maximum charge to be made, it would have power to change the rate whenever in its judgment conditions arose which justified such action. To hold that by delegating the rate-fixing power to its creature it had deprived itself of the right thereafter to modify the rate, would be tantamount to declaring that the creature is greater than the creator. It would be strange, indeed, if the state, which has power to terminate the existence of the municipalities created by it whenever it may see fit, could not revoke authority granted by it to them, and, in the exercise of its sovereignty, cancel conditions which it had permitted them to impose upon other classes of corporations which had also been created by it.

All other matters urged before us on this appeal have been dealt with to our satisfaction by Mr. Justice Swayze in his opinion, and we accept the views therein expressed as our own.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BERGEN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, JJ.  7.

*For reversal*—THE CHANCELLOR, WHITE, TAYLOR, JJ.  3.